UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:18-cv-24684-JEM

STREAMINN HUB INC., a Florida
corporation; FM RECORDS MUSIC
INC., a Florida corporation; FM
RECORDS MUSIC LLC, a Florida
limited liability company; and KEMAR
MCGREGOR, an individual,

        Plaintiffs,

v.

RICARDO M. GAYLE (p/k/a "Khago"),
an individual; FRANCINE A., GAYLE, an
individual; and LONG CHAIN GLOBAL
MUSIC LLC, a Florida limited liability
Company,

        Defendants.

_____/

**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING AWARD AND
PAYMENT OF ATTORNEY'S FEES AND COSTS PURSUANT TO FED. R. CIV. P. 41**

Defendants Ricardo M. Gayle, Francine A. Gayle, and Long Chain Global Music LLC

(collectively, the "Defendants"), by undersigned counsel and pursuant to Fed. R. Civ. P. 41(d) and

S.D. Fla. L.R. 7.1, hereby move for an order staying the above-styled proceedings pending the

award and payment of the Defendants' attorney's fees and costs incurred in a voluntarily dismissed

action previously pending in this Court, which was litigated for three months and which included

the same claims against the Defendants, and in support thereof respectfully refers the Court to the

following Memorandum of Law:

**MEMORANDUM OF LAW**

I.      **INTRODUCTION**

Plaintiffs Streaminn Hub, Inc. ("Streaminn Hub"), FM Records Music Inc. ("FMRMI"), FM Records Music LLC ("FMRML"), and Kemar McGregor ("McGregor") (collectively, the "Plaintiffs"), initiated the present action prior to McGregor's voluntary dismissal of a previously-filed case before this same Court against the same Defendants involving the same unsupported causes of action for copyright infringement, breach of contract, and defamation.  The Plaintiffs' re-filing of the same baseless complaint is vexatious and has directly caused Defendants to expend substantial time and resources defending against the Plaintiffs' meritless claims.

On August 14, 2018, Defendant McGregor initiated an action against Defendants by filing a complaint before this Court for purported causes of action of copyright infringement, breach of contract, fraud, and defamation.  *See McGregor v. Gayle, et al.*, Case No. 0:18-cv-61894-BB ("*McGregor I*"), at [DE 1].  As set forth in detail by Defendants' motion to dismiss the complaint (and reply in support thereof) filed in *McGregor I*, the complaint suffered from several significant defects, including but not limited to the following: 1) McGregor had no standing to assert causes of action for copyright infringement or breach of contract, *see McGregor I*, Def.'s Mot. to Dismiss [DE 20]; 2) McGregor's state law claims were preempted by the Copyright Act, *id.*; 3) the Court did not have supplemental jurisdiction over McGregor's defamation claim, *id.*; and 4) the complaint attached copyright applications while making no reference to copyright registration numbers, *see McGregor I*, Def.'s Reply [DE 25].

Although the complaint in *McGregor I* was apparently filed *pro se*, counsel for McGregor made an appearance in *McGregor I* only two (2) days after the complaint was filed.  *See McGregor I*, Not. of Appearance [DE 5].  Rather than attempting to remedy the fundamental flaws of his

2

pleading, McGregor and his counsel proceeded with prosecuting the action.  Thus, Defendants were obligated to engage in numerous preliminary discovery and pre-trial matters including preparing Rule 26 initial disclosures, participating in a Rule 16.1 scheduling conference, preparing a joint scheduling report and proposed scheduling order, and selecting a mediator.  Defendants also had to address the merits of McGregor's defective pleading by expending a significant amount of resources in preparing a motion to dismiss, reviewing and analyzing the opposition to the motion, and preparing a reply to the opposition.  *McGregor I*, [DE 20, 24, 25].

On November 8, 2018, after Defendants' motion to dismiss McGregor's complaint was fully briefed, McGregor filed a voluntary notice of dismissal *without* prejudice.  *McGregor I*, [DE 30].  The Defendants could have avoided the time and expense incurred in engaging in the foregoing activities in connection with *McGregor I* if McGregor and his counsel had simply acknowledged the fundamental defects of the pleading and dismissed the case shortly after McGregor's counsel made an appearance (which was only two days after *McGregor I* was initiated).  Instead, McGregor and his counsel prosecuted *McGregor I* for three months, voluntarily dismissed the case after Defendants addressed the immediately apparent defects of McGregor's allegations, and, on November 7, 2018, initiated the instant action ("*McGregor II*") ***the day before*** filing the notice of dismissal in *McGregor I*.

Plaintiffs' initiation of *McGregor II* entitles Defendants to fees and costs for several reasons.  First, the Complaint presently before this Court re-asserts the same meritless causes of action for copyright infringement, breach of contract, and defamation against Defendants.  *See McGregor II*, Pl.'s Compl. [DE 1].  Second, the fact that *McGregor II* was initiated and assigned to a district court judge the day before the notice of dismissal was submitted in *McGregor I* shows

that the Plaintiffs engaged in blatant forum shopping.  Third, Plaintiffs are once again asserting a claim for copyright infringement based on purportedly pending copyright applications.

With respect to this third point, immediately following the initiation of *McGregor II*, undersigned counsel requested that Plaintiffs' counsel provide the copyright registration numbers upon which Plaintiffs' allegations of infringement are premised.  Undersigned counsel further provided Plaintiffs' counsel with the controlling Eleventh Circuit case law that unequivocally establishes that a party cannot initiate an action for copyright infringement without first obtaining a copyright registration.  Plaintiffs' counsel responded by acknowledging that the Eleventh Circuit requires copyright registrations prior to initiating an action for infringement, citing to inapplicable case law, and stating that the Plaintiffs can "simply wait" for the pending copyright applications that form the basis of their allegations to register while continuing to maintain this action against the Defendants.

The foregoing undisputable facts demonstrate that Plaintiffs' re-filing of this action against Defendants is vexatious and entitles Defendants to an award of fees and costs as well as a stay of the present action pending Plaintiffs' satisfaction of an order awarding fees and costs.

## II.  ARGUMENT

### A.  Defendants Are Entitled to an Award of Their Attorney's Fees and Costs Incurred in McGregor I.

Rule 41 provides, in pertinent part:

> If a plaintiff who has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the court: (1) may order the plaintiff to pay all or part of the costs of that previous action; and (2) may stay the proceedings until the plaintiff has complied.

Fed. R. Civ. P. 41(d); *U.S. Sur. Co. v. Global Egg Corp.*, 8:12-CV-2574-T-33EAJ, 2013 WL 388715 at *3 (M.D. Fla. Jan. 31, 2013) ("Under Rule 41(d), if [a plaintiff] attempts to file another

action 'based on or including the same claim against the same defendant,' the court in the newly-filed action 'may order the plaintiff to pay all or part of the costs of that previous action and may stay the proceedings until the plaintiff has complied.'") (citing Fed. R. Civ. P. 41(d)).

This Court has broad discretion to award fees and costs and, when faced with a scenario where a plaintiff dismisses and re-files certain claims in a separate action, against the same defendant, should evaluate whether the facts surrounding the case justify an award of costs under Rule 41(d) to prevent prejudice to the defendant. *See Wishneski v. Old Republic Ins. Co.,* No. 5:06-cv-148, 2006 WL 4764424, at *2 (M.D. Fla. Oct. 10, 2006) (citing *Pontenberg v. Boston Scientific Corp.,* 252 F.3d 1253, 1256 n. 2, 1260 (11th Cir. 2001)); *see also Groom v. Bank of America*, No. 8:08–cv–2567–T–27EAJ, 2010 WL 627564, at *1 (M.D. Fla. Feb. 23, 2010) ("Rule 41(d) expressly contemplates the prejudicial impact on a defendant when a plaintiff dismisses and re-files against that defendant."). "The purpose of imposing costs on a plaintiff [pursuant to Rule 41(d)] who previously has dismissed an action against the same defendant, based upon the same claim, is to deter forum shopping and vexatious litigation." 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2375, *Costs of Previously Dismissed Action* (3d ed. 2011). "Rule 41(d) promotes the just, speedy and inexpensive determination of every action by deterring plaintiffs from changing forums mid-litigation and forcing a new court to start from scratch, thus wasting litigant expenses and judicial resources." *Cadle Co. v. Buery*, 242 F.R.D. 695, 698 (S.D. Ga. 2007).

In the instant case, the plain language of Rule 41(d) empowers this Court to require Plaintiffs to pay all or part of the costs incurred by the Defendants in *McGregor I*, as a condition to re-filing the same claims against the Defendants in *McGregor II*, and further authorizes this Court to stay *McGregor II* until Plaintiffs comply with this condition. *Id.* Specifically, Plaintiffs

have voluntarily dismissed *McGregor I* and have commenced *McGregor II*, attempting to assert the same claims against the Defendants as asserted in *McGregor I*, *i.e.*, alleged copyright infringement, breach of contract, and defamation.[1]

Further, in the instant case, "costs" under Rule 41(d) should include the Defendants' reasonable attorneys' fees, as Plaintiffs have not only engaged in overt forum shopping by filing the very same claims against the Defendants in a separate lawsuit, in the very same federal district, but have also forced the Defendants to suffer prejudice by unnecessarily incurring several thousand dollars in fees litigating *McGregor I*. *McCants v. Ford Motor Co.*, 781 F. 2d 855 (11th Cir. 1986) ("Costs may include all litigation related expenses incurred by the defendant, including reasonable attorneys' fees."); *Shaker Vill. Condo. Ass'n, Inc. v. Certain Underwriters at Lloyd's*, 08-61935-CIV, 2009 WL 2835185 (S.D. Fla. Sept. 1, 2009) (awarding attorneys' fees to the defendant as part of the defendant's costs under Rule 41(d), where plaintiff voluntarily dismissed its state court action, and filed a federal court action asserting the same claims asserted in the voluntarily dismissed state court action, in addition to other claims); *Moss v. Saks Fifth Avenue*, 2:06CV668 FTM29SPC, 2007 WL 1141510 at n. 1 (M.D. Fla. Apr. 17, 2007) ("The Court notes that should plaintiffs re-file this case in federal court, attorney fees may be awarded under Fed. R. Civ. P. 41(d)."); *Cadle Co. v. Beury*, 242 F.R.D. 695, 698 (S.D. Ga. 2007) ("Rule 41(d) gives the Court

---

[1] In *McGregor I*, Plaintiff McGregor argued that he "is the owner of the FM [Records] Music Inc." and that both he "and his company FM Records Inc., are the proper plaintiff with standing to sue." *McGregor I*, Pl.'s Resp. [DE 24], at pp. 10-11.  Although McGregor erroneously omitted Plaintiff FMRMI as a party on the Complaint filed in *McGregor I*, the foregoing admissions clearly indicate that the same copyright infringement and breach of contract claims that are being asserted by Plaintiff FMRMI in this case were also intended to be asserted by FMRMI in *McGregor I*.  Thus, Plaintiffs cannot reasonably argue that a "different" party is now asserting causes of action for copyright infringement and breach of contract against Defendants.

discretion to grant attorney's fees, as it may deem proper, as part of the "costs of the action previously dismissed.").

Rather than filing *McGregor II*, Plaintiffs could have simply filed a notice of substitution of counsel, along with a notice of withdrawal of Counts I and II in *McGregor I* (for which Plaintiff McGregor had no standing to assert). Instead, Plaintiffs chose to file an entirely separate action asserting the same claims against the Defendants which, in turn, brought their claims asserted in *McGregor I* before a different district court judge in *McGregor II*,[2] and then voluntarily dismissed *McGregor I*. This strategy of forum shopping and vexatious litigation is exactly what Rule 41(d) was designed to prevent.

Further, Plaintiffs have egregiously initiated yet another action for copyright infringement against Defendants based on pending copyright applications. In *McGregor I*, through their Reply to the Plaintiffs' Response to Defendants' Motion to Dismiss, Defendants submitted that the purported "granted copyrights" that formed the basis of McGregor's copyright infringement claim comprised several applications for copyright registration that were attached as exhibits to the Complaint. *See McGregor I*, Def.'s Reply [DE 25], at p. 7; Pl.'s Compl. [DE 1-2], at pp. 11-19. The re-filed Complaint that is presently before this Court attaches ***the very same copyright applications*** attached to the complaint in *McGregor I* as the purported basis for Plaintiffs' re-asserted copyright infringement claim. *See McGregor II*, Pl.'s Compl. [DE 1], pp. 51-69. Accordingly, shortly after this case was initiated, undersigned counsel requested that Plaintiffs' counsel provide Defendants with the copyright registration numbers that form the basis of the

---

[2] The Court should further note that, in the unrelated case styled *McGregor v. VP Records, et al.*, Case No. 0:17-cv-60231-BB, Judge Bloom (the district court judge presiding over *McGregor I*) recently issued an order dismissing Plaintiff McGregor's initiated action under 28 U.S.C. § 1404. [DE 52].

Plaintiffs' reasserted copyright infringement claim, and also provided Plaintiffs' counsel with the controlling authority from the Eleventh Circuit requiring a copyright registration prior to the initiation of an action for copyright infringement.  *See* November 14, 2018 email communications attached hereto as **Exhibit 1**; *see also Casa Dimitri Corp. v. Invicta Watch Co. of Am., Inc.*, 270 F. Supp. 3d 1340, 1348 (S.D. Fla. 2017) ("Additionally, registration of a United States work is a precondition for bringing an action for copyright infringement.") (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010); *Fourth Estate Pub. Benefit Corp. v. Wall–Street.com, LLC*, 856 F.3d 1338, 1339 (11th Cir. 2017); 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title.")).

As set forth in the attached email communications, Plaintiffs have decided to ignore the foregoing controlling precedent and once again proceed with copyright infringement claims without the requisite copyright registrations.[3]  Plaintiffs' reckless maintenance of a claim for copyright infringement without having first obtained a copyright registration was arguably understandable when the complaint in *McGregor I* was initially filed by a *pro se* plaintiff.

---

[3] Pursuant to Plaintiffs' comments in the attached email communications, "the Supreme Court's opinion in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010) makes clear that a district court nonetheless has jurisdiction to approve a settlement in these very situations." *See* Ex. 1.  The Supreme Court's decision in *Reed Elsevier* clarified that failure to comply with the pre-registration requirement of the Copyright Act does not deprive a district court of subject matter jurisdiction over the merits of a claim involving unregistered works. *Id.* at 166 ("Section 411(a) imposes a precondition to filing a claim that is not clearly labeled jurisdictional, is not located in a jurisdiction-granting provision, and admits of congressionally authorized exceptions. See §§ 411(a)-(c). Section 411(a) thus imposes a type of precondition to suit that supports nonjurisdictional treatment under our precedents."). *Reed Elsevier*, however, does not affect the Eleventh Circuit's requirement that, *to state a claim* for copyright infringement, a party must first register the asserted work. *See Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1341 (11th Cir. 2018) ("Thus, while a complaint claiming infringement of an unregistered work can be dismissed for failure to state a claim, it cannot be dismissed for lack of jurisdiction") (citing *Reed Elsevier, Inc.*, 559 U.S. at 157).

However, the immediate appearance of counsel in *McGregor I* and re-assertion of this claim in *McGregor II* without a pre-filing registration of the asserted works at issue is inexcusable.

For all these reasons, pursuant to Rule 41(d) and this Court's inherent authority, this Court should award the Defendants their reasonable attorneys' fees and costs incurred in *McGregor I*, and stay this action until Plaintiffs have fully paid such fees and costs.

**B.      The Attorneys' Fees and Costs the Defendants Are Seeking Are Recoverable.**

The Defendants incurred a total of approximately $9,050 in defense of *McGregor I*, from the time *McGregor I* was filed (August 14, 2018) through the date Plaintiff McGregor filed his Notice of Voluntary Dismissal (November 8, 2018).  This entire amount reflects attorneys' fees, which are reasonable in connection with the work performed.

This legal work consisted of preparing Rule 26 initial disclosures, participating in a Rule 16.1 scheduling conference, preparing a joint scheduling report and proposed scheduling order, and selecting a mediator.  Defendants also had to address the merits of Plaintiff McGregor's defective pleading by expending a significant amount of resources in preparing a motion to dismiss, reviewing and analyzing the opposition to the motion, and preparing a reply to the opposition.  Upon request and under seal, Defendants can provide this Court with all invoices reflecting the foregoing fees for *in camera* review.

**III.      CONCLUSION**

WHEREFORE Defendants respectfully requests this Court GRANT this Motion and enter an order pursuant to Rule 41(d) and this Court's inherent authority: 1) awarding the Defendants their attorneys' fees and costs incurred in *McGregor I*; and 2) staying the instant proceedings until such fees and costs are fully paid by Plaintiffs.

9

## CERTIFICATE OF CONFERENCE

Counsel for the movant has conferred with all parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Date: December 3, 2018                      Respectfully submitted by,

THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue
South Tower, Suite 800
Miami FL, 33131
Tel: 305-728-8831
Fax: 305-428-2450

By: s/ Richard Guerra_____
   Richard Guerra
   Fla. Bar No. 689521
   Email: rguerra@brickellip.com
   Rafael Perez-Pineiro
   Fla. Bar No. 543101
   Email: rperez@brickellip.com
   *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by CM/ECF notice on December 3, 2018 on all counsel or parties of record on the Service List below.

s/ Richard Guerra_____
Richard Guerra

**SERVICE LIST**

The Law Office of Allen Jacobi, P.A.
Charles S. Thompson, Esq.
E-Mail: charles@allenjacobilaw.com
11077 Biscayne Boulevard, Suite 200
Miami, Florida 33161
Telephone: 305-893-5644

Apollo's Counsel, P.A.
Roger Notario, Esq.
E-Mail: roger@apolloscounsel.com
11077 Biscayne Blvd., Suite 200
Miami, Florida 33161
Telephone: 786-342-3992
*Counsel for Plaintiffs*