UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
**Case Number: 18-24684-CIV-MARTINEZ**

STREAMINN HUB INC., *et al.*,

     Plaintiffs,

v.

RICARDO MASCOSKA GAYLE, *et al.*,

     Defendants.

_____/

## ORDER GRANTING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS

THIS MATTER is before the Court on the motion for judgment on the pleadings filed by

Defendants Ricardo M. Gayle (professionally known as "Khago"), Francine A. Gayle, and Long

Chain Global Music, LLC. [ECF No. 19]. Plaintiffs Streaminn Hub Inc., FM Records Music Inc.,

and FM Records Music LLC filed an opposition response [ECF No. 22], and Defendants filed a

reply [ECF No. 23]. For the reasons stated below, the Court grants in part the motion.

**I.      Copyright Infringement Claims**

Under the Copyright Act, "no civil action for infringement of the copyright in any United

States work shall be instituted until preregistration or registration of the copyright claim has been

made in accordance with this title." 17 U.S.C. § 411(a). Registration "has been made" under the

Act when the Register of Copyrights "has registered a copyright after examining a properly filed

application." *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 139 S. Ct. 881, 892 (2019).

The registration requirement is not jurisdictional, however. *Reed Elsevier, Inc. v. Muchnick*, 559

U.S. 154, 166 (2010); *Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340–41 (11th Cir. 2018).

In this case, Plaintiffs allege that they have complied with § 411(a)'s registration

requirements. [ECF No. 13 ¶¶ 56, 64]. As proof, they attach as an exhibit to the operative complaint a registration listing 12 works. *Id.* at 51–52. In their opposition response, Plaintiffs say that their claims are limited to "the works for which copyright registration has been obtained." [ECF No. 22 at 4].

If Plaintiffs intended to limit their copyright-infringement claims to 12 registered works, then their first amended complaint does not make that clear. Under Count I, Plaintiffs allege that they are bringing a claim for copyright infringement "of Musical Compositions." [ECF No. 13 at 9]. Under the same count, they assert that Defendants have unlawfully reproduced and distributed "the Khago Compositions." *Id.* at ¶ 57. Under Count II, Plaintiffs say that they are bringing a claim for copyright infringement "of Sound Recordings." *Id.* at 10. The problem is that those capitalized terms ("Musical Compositions," "Khago Compositions," and "Sound Recordings") are undefined. The only similar term that is defined, "Khago Catalog," which means "Khago's musical compositions," *id.* at ¶ 17, does not appear under the specific counts.

Therefore, given the inartful pleading, the Court grants in part the motion for judgment on the pleading. Plaintiffs' copyright-infringement claims are limited to the 12 registered works. [ECF No. 13 at 51–52].

## II.   Breach of Contract

The Copyright Act preempts "all state causes of action based on a right found in the Act or an equivalent to such a right." *Foley v. Luster*, 249 F.3d 1281, 1285 (11th Cir. 2001); *see* 17 U.S.C. § 301(a). The preemption is "generally broad," but there are a few exceptions, including for "activities violating legal or equitable rights that are not equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106." *Id.* (quoting § 301(b)). That section led to the "extra element" test, which states that "if an extra element is required instead of

or in addition to the acts of reproduction, performance, distribution or display, in order to constitute a state-created cause of action, then the right does not lie within the general scope of copyright and there is no preemption." *Id.*

Here, Khago signed a contract with FM Records Music Inc. and Streaminn Hub Inc [ECF No. 13 at 19]. According to Plaintiffs, the agreement "granted Plaintiffs[1] exclusive rights in and to all of Khago's musical compositions," including the right to reproduce the works, create derivative works, and to perform the works. *Id.* at ¶ 17. Plaintiffs say that Khago breached the contract in three ways: (1) "by accepting payments, both online and in person, for sale of works to which Plaintiffs owned the rights"; (2) "by advertising for sale works owned by Plaintiffs"; and (3) "by performing acts which diminished and are inconsistent with the transfer of rights in and to the Khago Compositions . . . ." *Id.* at ¶¶ 77–79.

Although the Copyright Act could address these breaches, the Eleventh Circuit has explained that "courts generally read preemption clauses to leave private contracts unaffected" because breach-of-contract claims must "show an extra element, the existence of a valid contract between the parties." *Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1318–19 (11th Cir. 2001); *see Chen v. Cayman Arts, Inc.*, No. 10-80236-CIV, 2011 WL 3903158, at *6 (S.D. Fla. Sept. 6, 2011) ("Under Eleventh Circuit precedent, a breach of contract claim meets the extra element test by virtue of the need to show the existence of a valid contract between the parties."). Here too, Plaintiffs would need to show the existence of their agreement with Khago, an element not found in the Copyright Act, before prevailing on their breach-of-contract claim. Therefore, the Court

---

[1] Technically, the agreement does not mention Plaintiff FM Records Music *LLC*. The LLC, however, does appear on several other exhibits to the complaint, including checks, the copyright registration, and emails. No party has bothered to note the apparent discrepancy, taking it as a given that the contract includes all Plaintiffs. For purposes of this order, this is a nonissue, but it is raised for clarity's sake.

denies the motion for judgment on the pleadings on the breach-of-contract claim.

### III.   Florida Deceptive and Unfair Trade Practices Act (FDUTPA)

The Copyright Act likewise does not preempt Plaintiffs' FDTUPA claim. Plaintiffs allege that, when they tried to stop the Defendants' infringement, Defendants posted several accusatory videos on Khago's Facebook page about Kemar McGregor, one of Plaintiffs' owners. [ECF No. 13 ¶¶ 47–48]. The amended complaint highlights one video, titled "Khago Diss x Producer Kemar McGregor For Like Him Pedophile Ways + His Internet Bloggers & Lawsuit," and transcribes specific accusations, including that McGregor is a "pedophile" and a "Thiefin boy." *Id.* at ¶ 49. Plaintiffs further allege that "Defendants have engaged in a smear campaign targeting Plaintiffs and/or their owner(s) in an effort to encourage others to discontinue purchasing works distributed by Plaintiffs." *Id.* at ¶ 86.

Plaintiffs have successfully pled the "'extra element' of a deceptive act or unfair practice" necessary to avoid preemption. *See Ediciones Musicales Y Representaciones Internacionales, S.A. v. San Martin*, 582 F. Supp. 2d 1358, 1361 (S.D. Fla. 2008). This is not a situation where Plaintiffs simply "employ[ed] the adjectives 'deceptive,' 'unfair,' and 'fraudulent,'" to allege what is, at its core, a copyright infringement claim. *C.f. Stripteaser, Inc. v. Strike Point Tackle, LLC*, No. 13-62742-CIV, 2014 WL 866396, at *5 (S.D. Fla. Mar. 5, 2014). Instead, Plaintiffs "assert additional facts that *qualitatively* change the nature of the action." *Korman v. Iglesias*, No. 18-21028-CV, 2018 WL 4410226, at *5 (S.D. Fla. June 28, 2018), *report and recommendation adopted*, No. 18-21028-CV, 2018 WL 4409973 (S.D. Fla. Aug. 7, 2018), *aff'd*, No. 18-13772, 2019 WL 2537622 (11th Cir. June 20, 2019). Therefore, the Court denies the motion for judgment on the pleadings on the FDUTPA claim.

IV.    **Conclusion**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1.      The motion for judgment on the pleadings [ECF No. 19] is **GRANTED in part and DENIED in part**, as set forth here.

2.      The motion is **GRANTED in part** as to Counts I and II. Plaintiffs' copyright-infringement claims are limited to the 12 registered works. [ECF No. 13 at 51–52].

3.      The motion is **DENIED** as to Counts III and IV.

DONE AND ORDERED in Chambers at Miami, Florida, this *16* day of September, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record