UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 18-24684-CIV-MARTINEZ

STREAMINN HUB INC., *et al.*,

    Plaintiffs,

v.

RICARDO MASCOSKA GAYLE, *et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTION TO DISMISS COUNTERCLAIMS

THIS MATTER is before the Court on the motion to dismiss counterclaim filed by Plaintiffs Streaminn Hub Inc., FM Records Music Inc., and FM Records Music LLC, and Counter-Defendant Kemar McGregor. [ECF No. 24]. The counterclaim is filed by Defendant Ricardo M. Gayle, p/k/a "Khago" [ECF No. 18], who also filed an opposition response. [ECF No. 26]. The movants then filed a reply. [ECF No. 27]. After carefully reviewing the parties' submissions and the relevant authorities, the Court grants the motion in small part but denies it in large part.

The motion to dismiss is granted only as to Count VI, which raises an unjust-enrichment claim. [ECF No. 18 at 23]. Khago argues that he pled Count VI in the alternative, which he is allowed to do. *See Timco Aviation Servs., Inc. v. Wilson Elser Moskowitz Edelman & Dicker, LLP*, No. 11-20073-CV, 2011 WL 13223673, at *3 (S.D. Fla. Apr. 12, 2011). But Count VI does not say that it is in the alternative. [*See* ECF No. 18 at 23]. Moreover, Count VI incorporates by reference all the common allegations *Id.* at ¶ 91, including the assertion that Khago signed the agreement at issue *Id.* at ¶ 21. In addition, although Khago says that he has no contractual privity with McGregor, Count VI is against "All Counter-Defendants" *Id.* at 23. Consequently, Count VI is

dismissed without prejudice. *See D.H.G. Properties, LLC v. Ginn Companies, LLC*, No. 3:09-CV-735-J-34JRK, 2010 WL 5584464, at *11 (M.D. Fla. Sept. 28, 2010) (dismissing unjust-enrichment claim that was not pled in the alternative and that incorporated all common allegations).

As to all other claims, the movants raise factual issues that are more appropriately dealt with at summary judgment or trial. As such, the arguments are premature. *See, e.g., Bridgewater v. Carnival Corp.*, No. 10-22241-CIV, 2011 WL 817936, at *2 n.3 (S.D. Fla. Mar. 2, 2011).

The Court, however, will make one note regarding the breach-of-contract claim (Count VII) and breach-of-implied-covenants claim (Count X). [ECF No. 18 at 23, 25]. Paragraph 14 of the agreement at issue states that "[n]o breach of this Agreement on the part of Administrator [FM Records Music and Streaminn Hub Inc] shall be deemed material unless Owner [Khago] shall have given Administrator specific written notice of such alleged breach and Administrator shall fail to cure such breach, if any, within thirty (30) days after receipt of such notice." [ECF No. 18-3 at 9]. In his opposition response, Khago argues that the notice issue is moot because he sent the notice prior to filing his opposition. [ECF No. 26 at 5–6]. He cites no authorities for that proposition, and in so arguing, he has implicitly admitted that he did not send the required notice prior to filing his counterclaim.

In his counterclaim, however, Khago alleges that "[a]ll conditions precedent to the institution of this lawsuit have been fulfilled." [ECF No. 26 ¶ 55]. Based on that allegation, the Court will deny the motion to dismiss counts VII and X. *See, e.g., Tikiz Franchising, LLC v. Piddington*, No. 17-CV-60552, 2017 WL 8780760, at *2 (S.D. Fla. May 8, 2017) (denying motion to dismiss based on alleged failure to send notice of default with opportunity to cure where complaint alleged that all conditions were satisfied and whether that was true "is a question not suitable for disposition upon a motion to dismiss"). But given Khago's mootness argument, it

would seem that the statement in paragraph 55 is incorrect. Therefore, if Khago intends to maintain his contract claims, then he is granted leave to clarify his pleading and he must be prepared to support his position with adequate authorities.

Based on the foregoing, it is **ORDERED AND ADJUDGED** that

1. The motion to dismiss counterclaim [ECF No. 24] is **GRANTED in part and DENIED in part**, as set forth here.

2. The motion is **GRANTED in part** as to Count VI, without prejudice.

3. The motion is **DENIED** as to all other counts.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of September, 2019.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
All Counsel of Record