UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 18-24684-CIV-MARTINEZ-OTAZO-REYES

STREAMINN HUB INC.,
FM RECORDS MUSIC, INC.,
FM RECORDS MUSIC LLC, and
KEMAR MCGREGOR,

    Plaintiffs/Counter-Defendants,

vs.

RICARDO M. GAYLE,
FRANCINE A. GAYLE, and
LONG CHAIN GLOBAL MUSIC LLC,

    Defendants/Counter-Plaintiffs.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Counter-Plaintiffs Ricardo M. Gayle, Francine A. Gayle, and Long Chain Global Music LLC's Motion for Default Judgment, [ECF No. 129]. The Court has considered the Motion, the pertinent portions of the record, and is otherwise fully advised in the premises. A Clerk's Default has been entered against Counter-Defendants, [ECF No. 107]. Counsel for Counter-Plaintiffs filed supporting documentation as to the injunctive relief sought and the amount due in fees and costs from the defaulting Counter-Defendants. Magistrate Judge Otazo-Reyes filed a Report and Recommendation on the Motion, [ECF No. 138], which was affirmed and adopted in full, [ECF No. 139].

    I.    Default Judgment Standard

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment against a party who has failed to plead in response to a complaint. Fed. R. Civ. P.

55(b)(2). The entry of the default constitutes an admission by Defendants of the well-pleaded allegations in the Complaint. *See Tiffany (NJ), LLC v. Liu Zheng*, 2011 WL 13217252, at *3 (S.D. Fla. Apr. 28, 2011). The Court may enter a default judgment when the well-pleaded allegations in a complaint adequately state a claim for which relief may be granted. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 760, 863 (11th Cir. 2007). Additionally, "[a] default judgment awarding damages may be entered without a hearing where the amount claimed is a liquidated sum or one capable of mathematical calculation." *TracFone Wireless, Inc. v. Hernandez*, 196 F. Supp. 3d 1289, 1302 (S.D. Fla. 2016) (quotations omitted). Even in a default judgment setting, injunctive relief is available. *See Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013).

II. Discussion

As previously stated, Magistrate Judge Otazo-Reyes conducted an evidentiary hearing on the Counter-Plaintiffs' Motion for Default Judgment. Prior to such hearing, Judge Otazo-Reyes also issued an Order to Show Cause to the Counter-Defendants, requiring them to respond to the Motion or to otherwise show cause why it should not be granted by default. [ECF No. 131]. Counter-Defendants failed to comply. At the hearing, Magistrate Judge Otazo-Reyes heard "competent and credible testimony in support of [Counter-Plaintiffs'] claims." [ECF No. 138 at 4]. Additionally, "documentary evidence was submitted in support of [Counter-Plaintiffs'] requested relief." *Id*. Counter-Defendants were warned that failure to timely file objections to the Report and Recommendation shall bar them from attacking the factual findings therein.

In its Order adopting the Report and Recommendation, the Court noted that no objections had been filed. Accordingly, the Court ruled that the Counter-Plaintiffs' Motion for Default

Judgment was granted, and final default judgment would be entered against the Counter-Defendants by separate order. [ECF No. 139].

Accordingly, it is **ORDERED and ADJUDGED** that:

1. Judgment is hereby **ENTERED** in favor of Counter-Plaintiffs Ricardo M. Gayle, Francine A. Gayle, and Long Chain Global Music LLC, and against Counter-Defendants Streaminn Hub Inc., FM Records Music, Inc., FM Records Music LLC, and Kemar McGregor.

2. Counter-Defendants shall be permanently enjoined and restrained from selling, marketing, distributing, infringing, or using—in any form—any of Counter-Plaintiffs' works.

3. It is declared that Counter-Defendants have no claim of ownership in any of Counter-Plaintiffs' works.

4. Counter-Plaintiffs shall recover damages from Counter-Defendants, jointly and severally, in the following amounts:

    a) $300,000.00 in statutory damages for copyright infringement;

    b) $99,568.59 in compensatory damages for tortious interference with business relationships;

    c) $298,705.77 in punitive damages for tortious interference with business relationships; and

    d) $65,352.00 in reasonable expenses and attorneys' fees.

    e) **For a total award of $763,626.36, for which sum let execution issue.**

5. This monetary award shall bear interest pursuant to 28 U.S.C. § 1961 from the date of entry of this Final Default Judgment until payment.

6. All other relief not granted in this Order is **DENIED AS MOOT.**

7. Counter-Plaintiffs **SHALL** immediately send a copy of this Order to the Counter-Defendants and file a certificate of service on the record.

8. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 16th day of February, 2021.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:

Magistrate Judge Otazo-Reyes
All Counsel of Record

Copies via U.S. Mail to:

Streaminn Hub Inc.
4555 N.W. 103rd Ave.
Suite 100
Sunrise, FL 33351

FM Records Music Inc.
P.O. Box 25773
Tamarac, FL 33320

FM Records Music LLC
4555 N.W. 103rd Ave.
Suite 100
Sunrise, FL 33351

Kemar McGregor
16051 N.E. 5th Ave.
North Miami Beach, FL 33162