UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-24684-CIV-MARTINEZ/AOR

STREAMINN HUB INC.,
FM RECORDS MUSIC INC.,
FM RECORDS MUSIC LLC, and
KEMAR MCGREGOR,

    Plaintiffs/Counter-Defendants,

v.

RICARDO M. GAYLE,
FRANCINE A. GAYLE, and
LONG CHAIN GLOBAL MUSIC LLC,

    Defendants/Counter-Plaintiffs.

_____/

## REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT

THIS CAUSE came before the Court upon Counter-Plaintiffs' Verified Motion to Enforce Injunction, for Contempt, and for Sanctions ("Motion for Contempt") [D.E. 142], which was set for hearing on December 8, 2021 pursuant to the undersigned's Second Order Setting Show Cause Hearing [D.E. 149]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 143]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Contempt [D.E. 142] be GRANTED and that:

- Counter-Defendants Streaminn Hub Inc., FM Records Music Inc., and FM Records Music LLC (together, "Corporate Counter-Defendants") be found in contempt of Court based upon their failure to comply with the Default Final Judgment [D.E. 140] and their failure to appear in Court on December 8, 2021 as required by the undersigned's Second Order Setting Show Cause Hearing [D.E. 149];

- Counter-Defendant Kemar McGregor ("McGregor") be found in contempt of Court based upon his failure to comply with the injunction portion of the Default Final Judgment [D.E. 140] and his failure to appear in Court on December 8, 2021 as required by the undersigned's Second Order Setting Show Cause Hearing [D.E. 149]; and

- a fine of $100 per day, respectively, be imposed upon each of the Corporate Counter-Defendants and McGregor (together "Counter-Defendants"), until they purge themselves of the contempt.

## I.   CERTIFICATION OF FACTS

Pursuant to 28 U.S.C. § 636(e), the undersigned makes the following findings of fact, which were proven by clear and convincing evidence, and which are certified to the District Court as establishing contempt of court.[1]

1. On February 16, 2021, the Court entered Default Final Judgment in favor of Counter-Plaintiffs and against Counter-Defendants [D.E. 140].

2. The Default Final Judgment permanently enjoins and restrains Counter-Defendants from "selling, marketing, distributing, infringing, or using—in any form—any of Counter-Plaintiffs' work" and ordered Counter-Defendants to pay a total amount of $763,626.36 to Counter-Plaintiffs.  See [D.E. 140 at 3].

3. On August 5, 2021, Counter-Plaintiffs filed their Motion for Contempt [D.E. 142].

4. Counter-Defendants failed to respond to the Motion for Contempt.

5. On August 31, 2021, the undersigned issued an Order to Show Cause, requiring Counter-Defendants to show cause why the Motion for Contempt should not be granted by default, or, in the alternative, respond to the Motion for Contempt.  See Order to Show Cause [D.E. 144].

6. On October 6, 2021, upon Counter-Defendants' failure to respond to the Order to

---

[1] The facts are established by the record and by the representations of Counter-Plaintiffs' counsel at the December 8, 2021 Show Cause Hearing.

Show Cause, the undersigned issued an Order Setting Show Cause Hearing on the Motion for Contempt ("First Order Setting Show Cause Hearing") [D.E. 145].

7. The First Order Setting Show Cause Hearing was served on Counter-Defendants via U.S. mail at a P.O. Box address. See Notice [D.E. 147].

8. On October 8, 2021, McGregor filed a Suggestion of Bankruptcy [D.E. 146].

9. After a hearing on the First Order to Show Cause at which Counter-Defendants did not appear, the undersigned entered the Second Order Setting Show Cause Hearing [D.E. 149].

10. The Second Order Setting Show Cause Hearing: directed Counter-Defendants to "APPEAR via Zoom video conference before the undersigned on Wednesday, December 8, 2021 at 10:30 A.M. to show cause why they should not be held in contempt for their failure to comply with the Default Final Judgment [D.E. 140]"; and required Counter-Plaintiffs to serve a copy of the Second Order Show Cause Hearing and Zoom hearing instructions on Counter-Defendants by process server and to file proof of service with the Court [D.E. 149 at 2].

11. On December 5, 2021, Counter-Plaintiffs filed proof of service of the Second Order Setting Show Cause Hearing, stating that Counter-Defendants were personally served with a copy of the Second Order Setting Show Cause Hearing and the Zoom hearing instructions on November 4, 2021 [D.E. 150].

12. Counter-Defendants did not appear at the December 8, 2021, Show Cause Hearing.

## II.     FINDINGS

Based on the foregoing Certified Facts, the undersigned finds, by clear and convincing evidence, that Counter-Defendants had notice of the Court's Default Final Judgment but failed to comply; that Counter-Defendants had notice of the undersigned's Second Order Setting Show Cause Hearing, which required Counter-Defendants to appear before the undersigned on

December 8, 2021 to show cause why they should not be held in contempt of Court; and that Counter-Defendants failed to appear before the undersigned as required.

The District Court's power to find Counter-Defendants in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders.  See United States v. Barnette, 129 F.3d 1179, 1182 n. 7 (11th Cir. 1997) (citing Citronelle-Mobile Gathering, Inc. v. Watkins, 943 F.2d 1297, 1301 (11th Cir.1991)).  Corporations may be held in civil contempt.  See Popular Bank of Florida v. Banco Popular De Puerto Rico, 180 F.R.D. 461, 465 (S.D. Fla. 1998) (finding defendant corporation in civil contempt for violating terms of preliminary injunction).  Under the circumstances of this case, the undersigned finds that the only way to obtain compliance with this Court's Orders is to find Counter-Defendants in civil contempt, and to impose upon each of the Counter-Defendants a fine of $100 per day until they purge themselves of the contempt.

### III.  CONCLUSION

Based on the foregoing factual findings and legal authorities, the undersigned RESPECTFULLY RECOMMENDS that Counter-Plaintiffs' Motion for Contempt [D.E. 142] be GRANTED and that the District Court:

1) Find Corporate Counter-Defendants in civil contempt for their failure to comply with the Default Final Judgment;

2) Find McGregor in civil contempt for his failure to comply with the injunction portion of the Default Final Judgment only, due to his pending Suggestion of Bankruptcy;

3) Find Counter-Defendants in civil contempt for their failure to appear in Court on December 8, 2021 as required by the undersigned's Second Order Setting Show Cause Hearing; and

4) Impose a fine of $100 per day, respectively, upon each of the Counter-Defendants, until they purge themselves of the contempt.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Jose E. Martinez, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 13th day of December, 2021.

                                                                         _____
                                                                         ALICIA M. OTAZO-REYES
                                                                         UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:

United States District Judge Jose E. Martinez
Counsel of Record

Copies furnished by U.S. mail to:

Streaminn Hub Inc.
11077 Biscayne Blvd. Suite 200
Miami, FL 33161

FM Records Music Inc.
11077 Biscayne Blvd. Suite 200
Miami, FL 33161

FM Records Music LLC
11077 Biscayne Blvd. Suite 200
Miami, FL 33161

Kemar McGregor
9633 NW 45th Street
Sunrise, FL 33251